IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVEN LOUIS MASSEY, JR., #02206581 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv182 |
| ELLIOT TOWNSEND | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Steven Massey, Jr., an inmate confined in the Texas prison system, brings this civil rights lawsuit pursuant 42 U.S.C. § 1983. He raises claims regarding a false disciplinary based on an inadequate drug screening procedure and the interference of his outgoing legal mail while at the Michael Unit. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

The present Report and Recommendation concerns Plaintiff's motion for preliminary injunction. (Dkt. #10). He is requesting: (1) that the Michael Unit's security camera's hard drive for 19 Building Gym on April 12, 2022, around 5:00 P.M. be reviewed, (2) that he be given an equal opportunity to take a drug test with no interruptions, and (3) that a criminal investigation be conducted on Sgt. Sweat for placing Plaintiff's ID number on a urine test that did not belong to Plaintiff.

Plaintiff's motion for restraining order is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial.

1

*Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

With respect to the first prong, Plaintiff neither addresses nor clearly demonstrates that there is a substantial likelihood that he will prevail on the merits of his claims. An inmate may not bring a civil rights lawsuit about a prison disciplinary case unless he first shows that "his disciplinary conviction has been invalidated by official action." *Lee v. Wade*, 593 F. App'x 410, 410 (5th Cir. 2015). The Supreme Court has held that a plaintiff who seeks to recover damages

under Section 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff does not state that his disciplinary case for failing a required drug screen has been overturned. Plaintiff's motion is silent as to this required prong of the preliminary injunctive relief analysis.

Secondly, Plaintiff neither addresses nor clearly demonstrates that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted. The courts have held that the purpose of preliminary injunctive relief is to preserve the *status quo* between the parties to a case and to prevent irreparable injury until the merits of the lawsuit can be reviewed. A party thus moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Davis v. Chairman, Tex. Bd. of Criminal Justice*, 2011 WL 831417, *2 (E.D. Tex. Feb. 10, 2011), citing, *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). In other words, the relief sought in the motion for injunctive relief must be "closely related to the conduct made the subject of the underlying complaint." *Jones v. Dep't of Corrections,* civil action no. 5:07cv190, 2007 WL 2024836 (N.D. Fla. Oct. 17, 2007) (unpublished) (citing *Devose*).

Thirdly, he neither addresses nor clearly shows that the threatened injury outweighs the harm of an injunction to the nonmovant. Finally, he neither addresses nor clearly shows that the temporary restraining order and/or preliminary injunction would not disserve the public interest. Plaintiff fails to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a temporary restraining order or preliminary injunction. Plaintiff has failed to show that he is entitled to preliminary injunctive relief.

Recommendation

It is accordingly recommended that Plaintiff's motion for preliminary injunction (Dkt. #10) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve, and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 14th day of June, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE